Charles C. Dickinson, as Assignee of Eugene M. Earle, Individually, for the Benefit of Creditors, and as Assignee of Eugene M. Earle and William Pitt Earle, as Copartners, for the Benefit of Creditors, Appellant, *v.* Eugene M. Earle, William Pitt Earle and May S. Earle, Respondents.

*Assignee — compromise agreement made by the debtor with his creditors — appointment of the debtor as receiver of the assigned property to conduct business therein prior to the settlement of the assignee's claim for commissions.*

Where a debtor, after making an assignment for the benefit of his creditors, effects a compromise with all of them, leaving no claim outstanding against the assigned property, except that of the assignee for his commissions, the court, although it may not, prior to a settlement of such claim, direct a retransfer of the assigned property to the assignor, may, where the non-user of such property, consisting of a summer hotel, is likely to result in serious loss, and the assignee makes no attempt to carry on the hotel business therein, properly appoint the assignor a receiver of the property, which is thus retained within the custody and under the control of the court, in order that he may conduct the hotel business therein for the ensuing season, he being, by reason of his previous experience as proprietor of the hotel, a competent person to do so.

Van Brunt, P. J., dissented.

Appeal by the plaintiff, Charles C. Dickinson, as assignee of Eugene M. Earle, individually, for the benefit of creditors, and as assignee of Eugene M. Earle and William Pitt Earle, as copartners, for the benefit of creditors, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of May, 1898, continuing an injunction restraining the plaintiff from selling or

advertising for sale any of the assigned estate of the above-named assignors, and from in any way interfering with the defendant Eugene M. Earle in his management of that part of the assigned estate known as the "Hotel Earlington" and the "Hotel St. James" at Richfield Springs, New York.

*H. D. Luce,* for the appellant.

*Elbert Crandall,* for the respondents.

O'BRIEN, J.:

As this appeal comes before us there is presented only a question between an assignor and an assignee for the benefit of creditors. It is made to appear that a large and valuable hotel property at Richfield Springs is or is claimed to be part of the assigned estate. It is shown that all the debts of the assignors mentioned in the schedules are paid or compromised, or that the creditors have consented to the restoration of the assigned estate to the assignors. The assignee, notwithstanding that situation, declined to deliver the property to the assignors, claiming that he is entitled to retain it until his fees are paid and his accounts settled. He brought this action for the settlement of his accounts, alleging in his complaint that the assignors entered into an agreement or arrangement with their creditors, by the terms of which the creditors respectively agreed to accept one-half of their indebtedness in money and the balance by notes, in consideration of which said money and notes the said several creditors agreed to assign and transfer their said indebtedness to one of the defendants, which arrangement has been carried out and the said several creditors have either received their pay in full or have assigned their said claims to one of the defendants who now claims to own or hold the same as a charge against the assignors. It, therefore, appears by the plaintiff's own statement that so far as creditors are concerned his duties as assignee have ended. In the answer of the defendants, and in affidavits produced upon the hearing in the court below, it was shown that the assignee had advertised the hotel property for sale; but it also appears that, before this motion was made, the notice of sale was withdrawn. It further appeared that the assignee was authorized by the court to open the hotel and carry on business therein during the summer of 1897, and that a

large profit accrued therefrom. It was also shown that it was advisable to open the hotel and carry on the business through the summer of 1898. On those principal facts this motion was made by the assignors to enjoin the assignee from selling the hotel property and also to compel him to turn over and reconvey to Eugene M. Earle, one of the assignors, all of the assigned estate upon such terms and conditions as to the court might seem proper, and for the removal of the assignee from his position as such, and for further relief. The court below ordered that an injunction issue restraining the assignee from selling the property above mentioned, and further directing him to turn over, transfer and deliver all the Richfield Springs property to Eugene M. Earle, who was appointed a receiver of such property on giving security; and the assignee was directed to turn over to him also all the books and papers relating to such property or used in the conduct of the business of the hotel.

By the plaintiff's own statement in his complaint, it is shown that his trusteeship survives only for the assignors, but he cannot be compelled to surrender his legal title to the property under the assignment until his accounts are passed and his claims against the property for commissions settled and determined. The order below virtually destroys his legal title, and to that extent is wrong. But a state of facts is exhibited upon the record conclusively showing that, under the relations existing between the assignors and assignee, great waste of property and loss to the assignors would have accrued unless the court took charge of the property pending suit and allowed the business of the hotel as a summer resort to be carried on and continued during the season of 1898. The motion was made that the property be delivered into the hands of the assignors. That could not be done in such way as to prejudice the assignee's title; but as there was no application made by him to run the hotel during the summer of 1898, as no steps were taken by him to utilize the property, as no one was really interested in it but the assignors and the assignee to the extent of his commissions, and as it was necessary to protect both the assignors' interest and the title of the assignee, the device was resorted to of appointing the assignor Eugene M. Earle a receiver, directly responsible to the court, and he was to be let into the possession of the property pending the suit and to be

accountable in the proper way for his administration of it. The case was, therefore, presented, of property brought within the control of the court, and in which property, apart from the lien or claim of the assignee for commissions, no one was interested except the assignors, all the creditors secured by the assignment being satisfied or consenting to the assignor resuming possession. It is perfectly manifest that, under such circumstances, to save the loss which would result from the non-use of the property and its deterioration, it was competent for the court to appoint *some one* to conduct the hotel business which the assignee made no effort and asked no permission to carry on. It cannot be doubted that, under such circumstances, the court had power to appoint a receiver. The property was in danger, great loss was to be apprehended, and it was within the jurisdiction and control of the court. It is not a valid objection that the assignor Eugene M. Earle was made such receiver. He gave adequate security. It is in accordance with the usual practice where there is a contest between parties concerning a going business, and it has been the custom in this district in cases of litigations between copartners to appoint one of them a receiver to wind up or carry on the business. From this assignor's antecedent relations to the hotel, his experience and knowledge as a hotel proprietor, he was a proper person to appoint. But as the order appealed from was made, it was entirely too broad. The court should merely have appointed Eugene M. Earle receiver to carry on the business of the hotel for the summer of 1898, and directed that the assignee let him into possession of the property for that purpose and no other, and that he account to the assignee for his administration. The order should be modified in that regard.

Concerning the injunction, we think it was properly issued. It is clear that the assignee had undertaken to sell the property. Although he withdrew the advertisement of sale, as he says, there was nothing to prevent his readvertising it; and to guard against his so doing an injunction was proper.

The order appealed from should be modified as above suggested, and as modified affirmed, without costs.

PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented.

Van Brunt, P. J. (dissenting):

In January, 1897, the defendants, Eugene M. Earle and William Pitt Earle, as copartners, and the said Eugene M. Earle individually, duly executed to the plaintiff, as assignee, an assignment of all their property for the benefit of creditors. The assignee duly accepted the trust and entered upon its duties. The plaintiff as such assignee acquired title to certain hotels in the village of Richfield Springs, which were incumbered by mortgages to a very considerable amount. He also, under such assignment, became the owner of the interest of the defendant Eugene M. Earle in certain real estate in the city of New York of considerable value. This was also incumbered by certain liens or assignments as security for loans made to the defendant. During the summer of 1897, the assignee, under permission of the court, opened hotels for the entertainment of guests, producing a profit over and above expenses. With the view of converting the assigned property into cash the plaintiff applied in January of this year for an order permitting the sale of all the assets of the estate, and an order was subsequently granted under which the sale of the property in this city was advertised for the 24th day of March, 1898, and of the Richfield property for the 29th of March, 1898. A compromise was thereupon effected, by which all the creditors, with the exception of five, assigned their claims to May S. Earle, the wife of Eugene M. Earle. These five and the said May S. Earle have given directions in writing to the plaintiff as assignee to reconvey all the assigned estate to said Eugene M. Earle, subject to such liens as existed thereon at the time of the execution of the general assignment. It is claimed by the defendants that, before the composition was effected, Eugene M. Earle explained to the assignee the arrangement he had in view, and the assignee approved of it, professing a willingness to restore the property as soon as it could be restored with safety. Application being made to the plaintiff he refused to reconvey the property. He, however, abandoned the sale of the property and commenced this action on or about the 5th of April, 1898, for the settlement of his accounts as assignee. The defendants put in an answer whereby they applied for an affirmative judgment removing the plaintiff as assignee, restraining him from selling any part of the assigned estate and directing the return and reconveyance of the said estate subject to such liens as are now

thereon upon such terms as the court should direct, and that the plaintiff account. The defendants thereupon moved for an injunction restraining the plaintiff from selling or advertising for sale any of the assigned property or from in any manner interfering with the property or from hindering, delaying or impeding the said Eugene M. Earle in the management and care of the assigned estate or in his proceedings to open the hotels. Upon the hearing of the injunction the motion was granted and said Eugene M. Earle was appointed receiver of the property in question.

There is nothing in the papers upon which this motion was granted which would justify the court in a removal of the assignee from his position. He was entitled to possession of the property until the final settlement of his accounts. He had brought an action for that purpose, and these amounts might have been easily and quickly settled if the defendants had shown a disposition to aid in attaining that result. The assignee had a right under his deed of assignment to retain possession of the property until by legal proceedings his accounts were settled and he was paid the amount due to him, and then only was he bound to transfer.

It is not so clearly apparent from the papers submitted upon this motion that the plaintiff has made such improper and unfounded claims against this property as would justify his being removed as assignee in this summary manner; because the appointment of a receiver under the circumstances amounts to a removal of the assignee from the position which he was entitled to hold.

It further appears that at the time of the putting in of the answer he had abandoned all idea of selling the property, and there was no necessity for the obtaining of an injunction to restrain an act which was not threatened to be committed.

It seems to me that the order was improper and should be reversed with ten dollars costs and disbursements, and the motion denied with ten dollars costs to abide the event.

*Order modified as directed in the opinion and as modified affirmed, without costs.*